**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**KELLI A. STEIN,**

                     **Plaintiff,**

              v.                                         **3:12-CV-1510
                                                                  (FJS/DEP)**

**JOHNSON CITY SCHOOL DISTRICT,**

                     **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF DOUGLAS W. DRAZEN**<br>2 Hawley Street, Suite 111<br>Binghamton, New York 13901<br>Attorneys for Plaintiff | **DOUGLAS W. DRAZEN, ESQ.** |
| **THE LAW FIRM OF FRANK<br>W. MILLER**<br>6575 Kirkville Road<br>East Syracuse, New York 13057<br>Attorneys for Defendant | **FRANK W. MILLER, ESQ.<br>J. RYAN HATCH, ESQ.** |

**SCULLIN, Senior Judge**

## I. INTRODUCTION[1]

       Currently before the Court is Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[2] The Court heard oral argument in support of, and in opposition to, this motion on September 27, 2013. At the end of argument, the Court

---

       [1] For ease of reference, the Court's citations to specific page numbers reference the page numbers that the Court's electronic filing system automatically generates.

       [2] Defendant refers to its motion as a motion to dismiss. However, because Defendant has filed an answer to Plaintiff's amended complaint, this is, in fact, a motion for judgment on the pleadings.

advised counsel that a written decision would be forthcoming. The following constitutes the Court's written decision regarding the pending motion.

## II. BACKGROUND

Plaintiff filed her original complaint in this action on October 4, 2012. *See* Dkt. No. 1. Defendant filed an answer to that complaint on October 21, 2012. *See* Dkt. No. 6. On November 19, 2012, Plaintiff filed her amended complaint. *See* Dkt. No. 10. On November 30, 2012, Defendant filed its answer to the amended complaint. *See* Dkt. No. 11. On January 9, 2013, Defendant filed the pending motion for judgment on the pleadings, *see* Dkt. No. 13, to which Plaintiff filed opposition papers on February 5, 2013, *see* Dkt. No. 16. Finally, Defendant filed a reply in further support of its motion on February 11, 2013. *See* Dkt. No. 17.

In her amended complaint, Plaintiff asserts seven causes of action under 42 U.S.C. § 2000e-2 ("Title VII"), 42 U.S.C. § 1983, 29 U.S.C. § 1161(a), and state law. Specifically, Plaintiff sates that she is complaining that Defendant terminated her employment in violation of her civil rights, created a hostile work environment, and failed to provide her with the required COBRA notice within the time prescribed under state and federal law. *See* Dkt. No. 10, Amended Complaint at ¶ 5. In addition, Plaintiff asserts state-law claims sounding in defamation, slander and libel, intentional infliction of emotional distress, and negligence. *See id.*

## III. DISCUSSION

**A.     Standard of review**

A party may move for judgment on the pleadings after the pleadings are closed. *See* Fed.

R. Civ. P. 12(c). "'The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim.'" *Myers v. Camden Cent. Sch. Dist.*, No. 5:10-CV-1167, 2012 WL 2921574, *4 (N.D.N.Y. July 17, 2012) (quotation omitted). In reviewing a motion for judgment on the pleadings, the court may consider the pleadings, "(1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." *Id.* (footnote omitted).

To withstand a motion for judgment on the pleadings, "'a complaint must plead "enough facts to state a claim to relief that is plausible on its face."'" *Dotson v. City of Syracuse*, No. 5:11-CV-620, 2013 WL 1293775, *6 (N.D.N.Y. Mar. 27, 2013) (quoting *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). Thus, the plaintiff "'must provide the grounds upon which [her] claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."'" *Id.* (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell*, 550 U.S. at 555)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted). Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).

**B.     Plaintiff's Title VII claims**

Plaintiff's counsel conceded at oral argument that Plaintiff had not filed an administrative complaint with the New York State Division of Human Rights or the United States Equal Employment Opportunity Commission prior to filing her complaint. Her failure to do so is fatal to her Title VII claims. *See Tanvir v. N.Y. City Health & Hosps. Corp.*, 480 F. App'x 620, 621 (2d Cir. 2012) (stating that "[e]xhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[] and, as such, a precondition to bringing such claims in federal court" (quoting *Leqnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam))). Therefore, the Court grants Defendant's motion for judgment on the pleadings with respect to Plaintiff's Title VII claims.

**C.     Plaintiff's § 1983 claims**

In order to state a claim against a municipality under § 1983, a plaintiff must plead "that an official policy or custom, . . . caused the [her] to be subjected to . . . a denial of a constitutional right." *Nicholas v. City of Binghamton, N.Y.*, No. 10-CV-1565, 2012 WL 3261409, *15 (N.D.N.Y. Aug. 8, 2012) (citation omitted). "The 'mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Id.* (quotation omitted). In this case, Plaintiff has not alleged any facts in her amended complaint from which the Court could infer that any policy or custom of Defendant caused the alleged violation of her constitutional rights. Therefore, the Court grants Defendant's motion for judgment on the pleadings with respect to Plaintiff's § 1983 claims.

**D.     The remainder of Plaintiff's claims**

As the Court noted at oral argument, Plaintiff has not set forth sufficient facts in her amended complaint to state a claim that is plausible on its face. Plaintiff attempted to remedy this deficiency in her pleadings by submitting an affidavit and more than 200 pages of exhibits in opposition to Defendant's motion for judgment on the pleadings. However, as the Court advised Plaintiff's counsel, the Court cannot consider this information when resolving a motion for judgment on the pleadings. Furthermore, as the Court noted, most of the information that Plaintiff submitted would not cure the defects in her amended complaint. Therefore, the Court grants Defendant's motion for judgment on the pleadings with respect to the remainder of Plaintiff's claims.

**E.     Sanctions**

At the close of oral argument, the Court advised Plaintiff's counsel that, because Plaintiff's amended complaint fell so far short of the pleading standard under the Federal Rules of Civil Procedure and relevant case law, the Court opined that counsel could not have believed in good faith that Plaintiff had sufficiently pled her claims. Therefore, the Court ordered Plaintiff's counsel, within two weeks, to show cause, through a written affidavit and any memorandum of law that he wanted to submit, why the Court should not sanction him.

**IV. CONCLUSION**

Having reviewed the entire record in this matter, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**;[3] and the Court further

**ORDERS** that Plaintiff's counsel shall file an affidavit and, if he wishes, a memorandum of law, showing cause why the Court should not sanction him on or before **October 11, 2013**.

**IT IS SO ORDERED.**

Dated: October 7, 2013
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] The Court will not enter judgment at this time. After the Court has had the opportunity to review Plaintiff's counsel's submissions regarding the issue of sanctions and has resolved that issue, the Court will enter a final judgment at that time.